900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Defendant-Appellant.
 No. 89-1516.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 8, 1990.
Decided: April 2, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., District Judge. (MISC-87-29-NN)
 John G. DeGooyer, Theodore A. Howard, Hopkins, Sutter, Hamel & PARK, Washington, D.C.; Shannon T. Mason, Jr., Mason & Mason, Newport News, Va., for appellant.
 John J. Quill, Kirk Moberley, Defense Contract Audit Agency, Alexandria, Va.; Stuart M. Gerson, Assistant Attorney General, Leonard Schaitman, Peter R. Maier, Civil Division, United States Department of Justice, Washington, D.C.; Henry E. Hudson, United States Attorney, Norfolk, Va., for appellee.
 E.D.Va., 862 F.2d 464, APPEAL AFTER REMAND.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On February 11, 1987, the Defense Contract Audit Agency ("DCAA") issued a subpoena duces tecum directing Newport News Shipbuilding and Dry Dock Co. ("Newport News"), a large defense contractor, to produce federal income tax returns, financial statements, and related documents in connection with the DCAA's audit of contracts between the Department of Navy and Newport News. The district court held that the DCAA lacked statutory authority to subpoena the requested documents and accordingly refused to enforce the subpoena. In United States v. Newport News Shipbuilding and Dry Dock Co., 862 F.2d 464 (4th Cir.1988), we reversed this judgment, holding that the DCAA possessed the authority under 10 U.S.C. Secs. 2306a(f) and 2313(a) to subpoena "objective factual materials useful in verifying ... actual costs." 862 F.2d at 467. We remanded the case to the district court to examine the particular documents requested "in light of the general standards of agency subpoena power and the particular principles set forth in" our decision. Id. at 471.
 
 
 2
 Following our remand, Newport News agreed to make available all records requested by the DCAA except certain workpapers that it used in preparing its federal income tax returns and financial statements during the years 1983-1987. After the United States moved to compel production of these remaining documents, the district court held an evidentiary hearing and ordered Newport News to produce the withheld material.
 
 
 3
 On appeal, Newport News argues that the withheld documents fall outside the DCAA's subpoena power because the documents contain subjective information that is not useful in verifying direct or indirect costs. After carefully reviewing the parties' briefs, we affirm the decision of the district court for the reasons stated in the district court's memorandum opinion, United States v. Newport News Shipbuilding and Dry Dock Co., Misc. No. 87-29-NN (E.D.Va. July 24, 1989). It is clear that the district court was faithful to our prior decisions in reaching its judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED